## SHOTWELL v. MILLER.

If two are bound jointly and severally, and one pay the obligee one-half of the amount of the bond, and the obligee give him a bond of indemnity against the other half, it is not a release of both obligors.

This was an action of debt on a bond, dated in 1782, for £700.

By a case stated, it appeared that Miller and one Terril gave the bond in question to Shotwell, and bound themselves jointly and severally.   On the 5th of August, 1786, Terril paid to Shotwell £350, being half the principal money then due ; and on the same day, Shotwell entered into a bond to Terril, the said co-obligor, in £700, with a condition (after reciting the payment of half the money on the bond in question, by Terril,) that if Shotwell should well and truly indemnify and save harmless the said Terril from all suits, actions, and demands on the bond in question, then the obligation to be void, &c.

*Abm.* and *Aaron Ogden*, for the defendant, contended that, as Shotwell had, in fact, discharged Terril, the co-obligor, it was, by operation of law, a release of both ; and they insisted

that this bond to Terril must be construed as a release to him, or at least as a covenant not to sue him, and, to prevent circuity of action, must be taken as an acquittance. They cited the case of *Clayton* v. *Kynaston*, 2 *Salk.* 573; 1 *Ray.* 419, *S. C.*

[82] *Boudinot, Sen.*, contra, cited *Lacy* v. *Kinaston*, 1 *Ray.* 688; *Salk.* 575, *S. C.*; 1 *Show.* 330, *Comb.* 123; *Fitzgerrard* v. *Trant*, 11 *Mod.* 254.

PER CUR. This is a harsh defence, and evidently contrary to justice. Miller has paid nothing. Shotwell has not prosecuted Terril. It seems as if Shotwell had been willing to let off Terril, upon paying half; he has given him a receipt for half, and a bond, with a condition to indemnify him against the other half. The case in *Raymond* makes a distinction between a release to one obligor, and a covenant not to sue. Shotwell gives Terril a bond, and the condition of it is to save harmless against the bond in question, or forfeit, &c. Constructive releases ought not to be carried beyond the intent. 11 *Mod.* 254 comes nearest to the case before the court. It was never the intention of the parties to discharge Miller, but Terril, only; and we cannot carry the transaction beyond the intent of the parties. Let judgment be entered for plaintiff. (*a*)

(*a*) This doctrine is recognized in its broadest extent in *Dean* v. *Newhall*, 8 *T. R.* 168. See also 2 *Saund.* 48, *a*, *Williams' note.*